**FILED**
**Apr 27, 2026**
**09:24 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | |
|---|---|
| **KRISTINA ANDREW,**<br>　　　　**Employee,**<br>**v.**<br>**ACCU REFERENCE MEDICAL,**<br>　　　　**Employer,**<br>**and**<br>**TECHNOLOGY INS. CO.,**<br>　　　　**Carrier.** | **Docket No. 2025-80-2643**<br><br>**State File No. 8337-2025**<br><br>**Judge Shaterra R. Marion** |

---

## EXPEDITED HEARING ORDER

---

The Court held an expedited hearing on April 14, 2026, where Ms. Andrew sought benefits for injuries she suffered after a work altercation. Accu Reference argued that she did not give proper notice. For the reasons below, the Court holds that Ms. Andrew is not likely to show at a hearing on the merits that she gave proper notice, so her request for benefits is denied at this time.

## Claim History

On May 21, 2024, Ms. Andrew worked as a phlebotomist for Accu Reference at a clinic. While speaking with the clinic owner about the improper disposal of a urine sample, another employee, Ashley James, burst into the room. She accused Ms. Andrew of blaming the mistake on her husband, another phlebotomist at the clinic.

Ms. Andrew and Ms. James argued, and then Ms. James grabbed Ms. Andrew by the throat, slammed her into the wall, and started scratching her. Ms. James's husband stopped Ms. James, and they both left.

1

Ms. Andrew called the police and reported the incident. She told the police that Ms. James grabbed her by the throat and slammed her into the wall. She hit a side table and said she could not breathe, and Ms. James's husband had to pull her off.

Ms. Andrew testified that she reported the incident to Trey Jamison, who she believed was one of her supervisors.

Mr. Jamison testified that he does not work for Accu Reference but for Frontier Health Solutions. He only represents Accu Reference in a sales capacity. He stated his primary job duties include acquiring new accounts and supporting staff at clinics to ensure they have all necessary supplies. He worked with Ms. Andrew as a colleague but did not supervise her.

Mr. Jamison stated that he does not have hiring and firing power over Ms. Andrew or anyone at Accu Reference. However, Ms. Andrew believed he hired her, and she testified that he fired the last phlebotomist who worked for Accu Reference at the clinic.

Ms. Andrew and Mr. Jamison texted on the night of the incident. She said: "Ashley came into my office flipping out today and attacked me." Mr. Jamison asked if she was all right, and she replied, "Yes I'm ok. She didn't punch or slap me. Just tried strangling me while I was in my chair. Just a typical soap opera day in the medical field lol." Mr. Jamison did not tell anyone else at the time because Ms. Andrew told him she was not injured.

Alisha Hubbard is a phlebotomy supervisor for Accu Reference and was Ms. Andrew's direct supervisor. Eight days after the incident, she asked Ms. Andrew why she did not clock in for work, and Ms. Andrew texted, "[t]here is drama at the clinic that the owner is working through." Ms. Hubbard stated that Ms. Andrew did not detail the "drama," and Ms. Hubbard did not ask. Instead, she instructed Ms. Andrew to "stay out of it."

Ms. Andrew sought treatment on her own between May and December. She texted Mr. Jamison in December asking if he could file a workers' compensation claim for her.[1] He replied that she should contact human resources.

Both Mr. Jamison and Ms. Hubbard testified that the first time Ms. Andrew told them she possibly got hurt during the May 21 incident was in December, when

---

[1] Ms. Andrew sought to introduce several work status notes from a clinic. The Court took their admissibility under advisement to inspect whether a physician signed the records. No physician signed the records, so they are inadmissible.

she asked about filing the workers' compensation claim. Ms. Hubbard stated she did not even know Ms. Andrew was assaulted at work until December, because she only knew of the incident as "drama." She also did not learn of Ms. Andrew's injury until after Ms. Andrew filed her claim.

Ms. Andrew argued that Mr. Jamison was her supervisor and she timely notified him of the incident. Accu Reference argued that Mr. Jamison is not its employee and Ms. Andrew incorrectly notified him of an accident.

### Findings of Fact and Conclusions of Law

Ms. Andrew must prove she would likely prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(c)(6) (2025); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

An employee must give written notice to her employer upon the "occurrence of an injury." Tenn. Code Ann. § 50-6-201(a). Notice must be given within 15 days of the accident and must include the nature and cause of the "accident *resulting in injury*." *Id.* § 50-6-201(c)(1) (emphasis added). Notice need not be given to an employer who has "actual knowledge of the accident." *Id.* § 50-6-201(a).

Here, the Court need not decide whether Mr. Jamison should be considered Ms. Andrew's supervisor. Even if he were, she did not give proper notice.

The Tennessee Supreme Court held that "an employee who relies upon alleged actual knowledge of the employer must prove that the employer had actual knowledge of the *time, place, nature and cause of the injury*." *Masters v. Indus. Garments Mfg. Co.*, 595 S.W.2d 811, 815 (Tenn. 1980) (emphasis added). In addition, "[f]or a communication to constitute either written notice or actual knowledge on the part of the employer it must be calculated to reasonably convey the idea to the employer that the employee claims to have suffered an injury arising out of and in the course of her employment." *Id.* at 816.

On the day of the incident, Ms. Andrews and Mr. Jamison texted. She described the incident as Ms. James *trying* to strangle her, with no "punch or slap." Mr. Jamison asked if she was all right, and she said, "Yes I'm ok," and "[j]ust a typical soap opera day in the medical field lol." Neither the words nor the tone of her messages conveyed that she suffered an injury.

Eight days later, Ms. Hubbard learned of the incident as "drama at the clinic." Ms. Andrew at no time informed either Ms. Hubbard or Mr. Jamison that she had been injured in the assault.

Ms. Andrew's statement to the police was more detailed and described being grabbed by the throat, slammed into a wall, and hitting a side table. However, no proof showed that anyone at Accu Reference or Mr. Jamison ever saw the police report. Further, both Mr. Jamison and Ms. Hubbard testified that Ms. Andrew first told them she might have been injured during the incident in December, seven months after it happened.

Because Accu Reference did not have actual notice of the incident, Ms. Andrew had to give written notice within 15 days of its occurrence. She did not.

Thus, the Court finds Ms. Andrew is not likely to show at a hearing on the merits that she gave proper notice of her alleged injury.

**IT IS, THEREFORE, ORDERED as follows:**

1. Ms. Andrew's request for benefits is denied at this time.

2. The Court sets a status conference for **June 22, 2026, at 11:15 a.m. Central Time.** The parties must call (866) 943-0014 to participate. Failure to call might result in a determination of the issues without the party's participation.

**ENTERED April 27, 2026.**

_____
**JUDGE SHATERRA R. MARION**
**Court of Workers' Compensation Claims**

## APPENDIX

**Exhibits:**

1. Mileage Reports
2. Panel selecting Dr. Keith Caruso
3. Medical Records – Dr. Glenn Crosby
4. Medical Records – Dr. Cynthia Lucas
5. Affidavit of Ms. Andrew
6. Ms. Andrew's responses to Accu Reference's Interrogatories
7. Ms. Andrew's responses to Accu Reference's Requests for Production
8. Ms. Andrew's responses to Accu Reference's Requests for Admission
9. Work Activity Status Reports *[For Identification Only]*
10. Medical Records – Concentra
11. First Petition for Benefit Determination
12. Deposition of Ms. Andrew
13. Texts between Ms. Andrew and Mr. Jamison
14. Texts between Ms. Andrew and Ms. Hubbard
15. Police Statement by Ms. Andrew
16. Medical Records – Miscellaneous
17. Second Petition for Benefit Determination
18. Concentra work statutes notes *[For Identification Only]*

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent on April 27, 2026.

| Name | Regular Mail | Email | Service sent to: |
|------|------|------|------|
| Steve Taylor, Employee's Attorney | | X | staylor@tcmfirm.com |
| Brayden Hunter, Employer's Attorney | | X | brhunter@mijs.com asharvey@mijs.com |

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov

5



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
   
   ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
   
   ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.
   
   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

   **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties

**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee
Appellee's Address: _____ Phone: _____
Email: _____
Attorney's Name: _____ BPR#: _____
Attorney's Email: _____ Phone: _____
Attorney's Address: _____
*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.


_____
*[Signature of appellant or attorney for appellant]*